ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA SARGENT (CABN 288222)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY ALLEN MANLY WILLIAMS, <br><br> Defendant. | NO. CR 23-CR-00267 YGR <br> [FILED AUGUST 16, 2023] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MORTEZA AMIRI, <br> ERIC ALLEN ROMBOUGH, and <br> DEVON CHRISTOPHER WENGER, <br><br> Defendants. | NO. CR 23-CR-00269 AMO <br> [FILED AUGUST 16, 2023] <br><br> **NOTICE OF RELATED CASE IN A CRIMINAL ACTION** |

NOTICE OF RELATED CASES                                                                                             v. 7/10/2018

## I.     BACKGROUND

On August 16, 2023, the Grand Jury returned four (4) indictments in the following cases charging current and former members of the Antioch Police Department (APD) and Pittsburg Police Department (PPD):

- Case No. 23-cr-00264 JSW, *United States v. BERHAN et al.*: 18 U.S.C. § 1349 (conspiracy to commit wire fraud) and 18 U.S.C. § 1343 (wire fraud).  The indictment alleges a scheme to defraud by current and former members of APD and PPD involving fraudulent coursework and college degrees to obtain reimbursements toward tuition and expenses, as well as pay raises and/or increased benefits upon completion of a degree, and related conduct.  The indictment charges six defendants: (1) Patrick James BERHAN (PPD); (2) Morteza AMIRI (APD); (3) Amanda Carmella THEODOSY (PPD); (4) Samantha Genoveva PETERSON (APD); (5) Ernesto Juan MEJIA-OROZCO (PPD); and (6) Brauli RODRIGUEZ JALAPA (PPD).  AMIRI is also a defendant in Case No. 23-cr-00269 AMO (civil rights) below.

- Case No. 23-cr-00267 YGR, *United States v. MANLY*: 18 U.S.C. § 1519 (destruction, alteration, and falsification of records in federal investigations); 18 U.S.C. § 1512(c)(2) (obstruction of official proceedings); and 18 U.S.C. § 242 (deprivation of rights under color of law).  The indictment alleges, among other things, that Manly engaged in obstructive conduct by calling the target of a wiretap and preventing the call from being recorded or accurate records of the call from being created.  The indictment also alleges deprivation of rights under color of law for seizing and destroying a victim's telephone.  The indictment charges a sole defendant: Timothy Allen MANLY WILLIAMS ("MANLY").

- Case No. 23-cr-00268 HSG, *United States v. HARRIS and WENGER*: 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(E)(i) (conspiracy to distribute and possession with intent to distribute; attempted possession with intent to distribute); 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(i) (possession with intent to distribute); 18 U.S.C. § 1519 (destruction, alteration, and falsification of records in federal investigations).  The indictment alleges a conspiracy involving two APD officers to distribute and possess with intent to distribute anabolic steroids, Schedule III controlled substances, and related conduct.  The indictment charges

two defendants: (1) Daniel James HARRIS and (2) Devon Christopher WENGER. WENGER is also a defendant in Case No. 23-cr-00269 AMO (civil rights) below.

- Case No. 23-cr-00269 AMO, *United States v. Morteza AMIRI et al.*: 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 242 (deprivation of rights under color of law); and 18 U.S.C. § 1519 (destruction, alteration, and falsification of records in federal investigations). The indictment alleges a scheme involving three APD officers to violate the civil rights of residents in and around Antioch, California, violations of deprivation of rights under color of law, and related conduct. The indictment charges three defendants: (1) Morteza AMIRI; (2) Eric Allen ROMBOUGH; and (3) Devon Christopher WENGER. AMIRI is also a defendant in Case No. 23-cr-00264 JSW (fraud) above, and WENGER is also a defendant in Case No. 23-cr-00268 HSG (anabolic steroid distribution) above.

## II.     RELATED CASES

A.     **Case Nos. 23-cr-00267 YGR and 23-cr-00269 AMO**

Pursuant to Local Criminal Rule 8-1, the United States of America hereby notifies the Court that the following two (2) cases are related:

- Case No. 23-cr-00267 YGR, *United States v. MANLY*; and
- Case No. 23-cr-00269 AMO, *United States v. AMIRI et al.*

The conduct alleged in these two indictments is related in terms of time, events, perpetrators, and witnesses, and the government anticipates that evidence that the government produces in these cases and may be admitted at trial will overlap. Moreover, both cases involve violations of 18 U.S.C. § 242, deprivation of rights under color of law. Although the two indictments identify different alleged violations of rights involving excessive force and unconstitutional seizure, there is nonetheless overlapping caselaw detailing the standards pertaining to the alleged Fourth Amendment violations.

Counts 2–5 of *United States v. AMIRI et al.*, Case No. 23-cr-00269 AMO, allege that AMIRI used excessive force in deploying his police K-9 to bite certain individuals. Specifically, Count 2 of that indictment alleges that AMIRI deployed his police K-9 to bite "A.A." in the presence of Officer-1, a then-PPD police officer (and AMIRI's roommate) who was in AMIRI's car for a ride-along. Officer-1 was MANLY, the sole defendant in *United States v. MANLY*, Case No. 23-cr-00267 YGR. The *United*

*States v. AMIRI et al.* indictment describes communications following the incident indicating that MANLY in fact released the canine from AMIRI's car and that AMIRI was "sure if [A.A.] started kicking my ass [MANLY]'d jump in." Count 9 alleges that AMIRI violated 18 U.S.C. § 1519, including for omitting reference to MANLY in his official reports and that MANLY participated in the deployment of the canine. As alleged in the indictment, AMIRI and MANLY also communicated about ROMBOUGH's uses of force. For example, the indictment alleges that when AMIRI asked MANLY if one 40mm less lethal deployment by ROMBOUGH was "deserved," MANLY responded, "No," with an accompanying emoji.

The allegations of *United States v. MANLY*, Case No. 23-cr-00267 YGR, also involve evidence related to AMIRI's uses of force. Count 3 of that indictment alleges that, while an APD officer, MANLY destroyed a resident's mobile telephone when he was recording the aftermath of another APD officer's deployment of a police K-9 on a suspect. That APD officer was AMIRI. Following the incident, AMIRI and MANLY communicated via text message about MANLY's phone "smash."

For these reasons and pursuant to Local Criminal Rule 8-1(c)(4), government counsel states that assignment of *United States v. MANLY*, Case No. 23-cr-00267 YGR, and *United States v. AMIRI et al.*, Case No. 23-cr-00269 AMO, to a single judge is likely to conserve judicial resources and promote an efficient determination of each action.

**B.     Case Nos. 23-cr-00264 JSW and 23-cr-00268 HSG**

The United States of America also hereby notifies the Court that the remaining two (2) cases may also be related to the above-captioned two cases:

- Case No. 23-cr-00264 JSW, *United States v. BERHAN et al.*; and
- Case No. 23-cr-00268 HSG, *United States v. HARRIS and WENGER*.

AMIRI is a defendant in both Case No. 23-cr-00264 JSW (fraud) and Case No. 23-cr-00269 AMO (civil rights), while WENGER is a defendant in both Case No. 23-cr-00268 HSG (anabolic steroid distribution) and Case No. 23-cr-00269 AMO (civil rights).

As described above, all four indictments charge current and former employees of APD and PPD. Given that the cases do involve some of the same defendants, assignment to a single judge may conserve judicial resources and promote an efficient determination of each action, such as with respect to trial

setting or sentencing. However, the conduct alleged in these remaining two indictments do not involve the same alleged events, occurrences, transactions, or property with the above-captioned two cases.

### III.  OTHER CASES

The United States of America also notes for the Court that it is aware of the following previously-filed civil cases:

- 3:20-cv-02693-EMC, *Gattis v. City of Antioch et al.*, filed 04/17/20, closed 11/12/20 (AMIRI and ROMBOUGH among defendants);
- 3:23-cv-01895-TSH, *Allen et al v. City of Antioch et al.*, filed 04/19/23 (AMIRI, ROMBOUGH, and MANLY among defendants);
- 3:23-cv-02691-SI, *Young v. Wenger et al.*, filed 05/31/23 (WENGER among defendants); and
- 3:23-cv-03773-SI, *Robinson et al. v. City of Antioch et al.*, filed 07/28/23 (AMIRI, ROMBOUGH, MANLY, WENGER, and HARRIS among defendants).

None of the named plaintiffs in these civil cases are identified as victims in the above-referenced four indictments at this time. Accordingly, the civil cases do not appear to involve the same alleged events, occurrences, transactions, or property as the above-referenced criminal cases, and assignment of these civil cases with the criminal cases to a single judge is not likely to conserve judicial resources or promote an efficient determination of each action.

DATED: August 23, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
Assistant United States Attorneys