TIMOTHY P. CRUDO (State Bar No. 143835)
RACHEL R. SUHR (State Bar No. 323531)
OLIVER W. HAMILTON (State Bar No. 340054)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:     ef-tpc@cpdb.com
           ef-rrs@cpdb.com
           ef-owh@cpdb.com

Attorneys for Defendant
MORTEZA AMIRI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:23-cr-00264-JSW-2 |
| Plaintiff, | **DEFENDANT MORTEZA AMIRI'S RESPONSE TO ORDER TO SHOW CAUSE** |
| v. | |
| MORTEZA AMIRI, | |
| Defendant. | |

The Court previously granted Mr. Amiri's unopposed motion to continue sentencing in this case until after resolution of a related case that is pending before this Court and scheduled to be tried on February 18, 2025, *United States v. Amiri, et al.*, Case No. 4:23-cr-00269-JSW (N.D. Cal.) (the "-269 case"). *See* Dkt. 363 (the "Continuance Order"). After denying Mr. Amiri's motion for judgment of acquittal and/or new trial, the Court ordered the parties to show cause why the previously approved sentencing continuance is appropriate, expressing concern that the "length of time between final judgment in this action and resolution of the -269 case is indefinite." Dkt. 405.

Mr. Amiri submits this response to address the Court's concerns and respectfully requests that the Court adhere to its previous order providing for consolidated sentencing proceedings in the interests of judicial economy and to ensure that the Court has the most fulsome record possible to decide a just and fair sentence for Mr. Amiri.

## I. MR. AMIRI'S SENTENCING TIMELINE IS FAIR AND REASONABLY CERTAIN

Mr. Amiri has not sought, nor did the Court previously order, an indefinite or indeterminable delay of sentencing in this case. The Continuance Order directly linked sentencing in this matter to resolution of the -269 case. Six months ago, the Court set the -269 case for a jury trial to begin on February 18, 2025, and that trial date remains on calendar. If the Court were now to schedule a sentencing hearing for Mr. Amiri within three months of its recent order denying judgment of acquittal or a new trial, sentencing in this case would occur in or around January 2025, just one month prior to the -269 case trial date. If the Court's Continuance Order remains in place, and the -269 case proceeds to trial as scheduled and results in a conviction, consolidated sentencing proceedings would likely take place in or around May 2025, a modest delay of approximately four months. And if Mr. Amiri is acquitted in that case or the parties reach some other resolution, the Court could still proceed to sentence Mr. Amiri in this case by in or around May 2025. The Court's Continuance Order mitigated potential uncertainty by requiring the parties to propose a new sentencing date within 14 days of acquittal or other resolution obviating the need for sentencing in the -269 case. *See* Dkt. 363. Therefore, regardless of the outcome in

**DEFENDANT MORTEZA AMIRI'S RESPONSE TO ORDER TO SHOW CAUSE**

1   the -269 case, sentencing in this case should occur in a timely manner in the near future.

2   To the extent that the Court is concerned that the trial date in the -269 date may shift, Mr.

3   Amiri respectfully proposes that the Court can calendar a status conference within 10 days of any

4   such continuance so that the parties and the Court can discuss whether the sentencing continuance

5   in this case remains appropriate in light of the development in the -269 case.

## II. JUDICIAL ECONOMY SUPPORTS CONSOLIDATED SENTENCING PROCEEDINGS

The grounds set forth in Mr. Amiri's Motion to Continue Sentencing Date, which was not opposed by the government, remain compelling. A consolidated sentencing would conserve resources and promote convenience for the parties, Probation, and the Court. Decoupling the sentencing proceedings for the two cases would require Probation to conduct two separate investigations, including two interviews of Mr. Amiri, and prepare two Presentence Investigation Reports ("PSRs"). The parties would need to submit two sets of sentencing memoranda, including twice collecting letters from Mr. Amiri's family, friends, and the community. And the Court would need to review double the amount of material in conducting two separate sentencing hearings. At least some of this material would be repetitive or redundant. Moreover, members of the public, including Mr. Amiri's family, who want to attend the sentencing proceedings would have to come to court twice, perhaps missing work or requiring childcare in the process.

## III. CONSOLIDATED SENTENCING PROCEEDINGS WOULD FACILITATE A FAIR AND APPROPRIATE SENTENCE

Consolidated sentencing proceedings would help ensure that the Court's sentence is based on a fully developed record. Courts have long held that "[h]ighly relevant—*if not essential*—to [a court's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. People of State of N.Y.*, 337 U.S. 241, 247 (1949) (emphasis added); *accord Pepper v. United States*, 562 U.S. 476, 488 (2011) ("Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'"). Federal Rule of Criminal Procedure 32 supports this goal by requiring preparation

of the PSR, which contains, *inter alia*, extensive background information about a defendant, including the circumstances of the offenses, defendant's history and characteristics, and victim information. *See* Fed. R. Crim. P. 32(d)(2). Rule 32 also requires submission of the report to the government at least seven days before sentencing. *Id.* at 32(g).

If Mr. Amiri were to be sentenced in this case while the -269 case is pending, he could very well be constrained in his ability to provide complete and detailed information to Probation and the Court that would be relevant to his sentencing. Mr. Amiri is preparing for trial on additional criminal charges in the pending -269 case, the events of which took place during a timeframe that overlaps, in part, with the timeframe of the offense conduct in this case and, therefore, may be relevant to Probation's sentencing recommendation in this case. But Mr. Amiri could be constrained from responding fully in an interview with Probation, from providing the Court with complete evidence of his life and characteristics, and from allocating freely at sentencing because his statements may be used against him in the -269 case. Mr. Amiri therefore faces the catch-22 of either withholding information that may assist him at sentencing or giving the government potential fodder for cross-examination.

Delaying sentencing for a short period would give Mr. Amiri the fairest chance of advocating for the best sentence possible, and it would give the Court a more developed record to ensure that it imposes a sentence that is sufficient, but not greater than necessary, to do justice. Mr. Amiri respectfully requests that the Court defer sentencing in this case pending the outcome in the -269 case.

## IV. CONCLUSION

In sum, the Continuance Order was correct in light of the factors enumerated above. That order should remain in place such that continued sentencing in this case will be held either (1) concurrently with sentencing in the -269 case or (2) on a date the parties jointly propose within 14 days of any resolution of the -269 case that renders sentencing unnecessary in that case.

/ / /

/ / /

/ / /

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

| | |
|---|---|
| DATED:  November 1, 2024 | COBLENTZ PATCH DUFFY & BASS LLP |
| | By: */s/ Timothy P. Crudo* <br> TIMOTHY P. CRUDO <br> Attorneys for Defendant <br> MORTEZA AMIRI |